# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA SANTICH and KEITH BLACKMER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GNC HOLDINGS, INC.,<br><br>Defendant. | CASE NO. 17cv540 DMS(RBB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** |

This case comes before the Court on Defendant's motion to dismiss Plaintiffs' Amended Complaint. Plaintiffs filed an opposition to the motion, and Defendant filed a reply. The motion came on for hearing on November 17, 2017. James Shah appeared for Plaintiffs and Sean Sullivan appeared for Defendant. After thoroughly considering the issues, the Court grants the motion.

## I.
## BACKGROUND

On March 17, 2017, Plaintiffs filed the present case, on behalf of themselves and a proposed class of California and nationwide consumers, alleging claims against Defendant for breach of contract, violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"), California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA"), and California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL"). In response to the

Complaint, Defendant filed a motion to dismiss, or in the alternative, to transfer this case to the United States District Court for the Western District of Pennsylvania, presumably so it could be consolidated with *Cook v. General Nutrition Corp.*, Case No. 17-135. The Court denied the motion to transfer, and granted in part and denied in part the motion to dismiss. Specifically, the Court denied the motion to dismiss Plaintiffs' breach of contract claim and granted the motion to dismiss Plaintiffs' remaining claims with leave to amend.

Plaintiffs filed their Amended Complaint on September 18, 2017. In response, Defendant filed the present motion.

## II.

## DISCUSSION

As in the first motion to dismiss, Defendant argues Plaintiffs' claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant also asserts, for the first time, that the case should be dismissed pursuant to the first-to-file rule.[1]

The first-to-file rule "is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (citations omitted). *See also Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 623 (9th Cir. 1991). (stating first-to-file rule gives federal district courts discretion "to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court[.]") "The first-to-file rule was developed to serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade*, 946 F.2d at 625 (internal quotation marks and citations omitted). Courts analyze three factors to determine the applicability of the

---

[1] Defendant did not raise the first-to-file rule in its motion to dismiss the original Complaint. Indeed, it specifically disputed the implication that it was required to address the rule in its motion to dismiss. (*See* Docket No. 15 at 2) (Def.'s Resp. to Motion for Leave to Participate as *Amicus Curiae*). The plaintiffs in *Cook*, who attempted to participate in Defendant's previous motion as *amicus*, wanted to file a brief on the first-to-file rule, but their request to participate as *amicus* was denied. Thus, the first-to-file rule was not at issue in Defendant's previous motion.

first-to-file rule: (1) "chronology of the lawsuits," (2) "similarity of the parties," and (3) "similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg., Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

**A.     Chronology of the Lawsuits**

The first factor, chronology of the lawsuits, "simply requires that the case in question was filed later in time." *Therapy Stores, Inc. v. JGV Apparel Grp., LLC*, No. 4:16-CV-02588-YGR, 2016 WL 4492583, at *4 (N.D. Cal. Aug. 26, 2016) (citations omitted). Here, there is no dispute this case was filed after *Cook*. (Mem. of Law in Opp'n to Mot. at 16.)

Plaintiffs argue, however, that the *Cook* case "no longer exists" because the district court dismissed the case with prejudice. (Mem. of Law in Opp'n to Mot. at 14.) In this situation, Plaintiffs assert the first-to-file rule no longer applies because "there is no concurrent action pending." (*Id.*) Plaintiffs cite a number of cases to support this argument, but each is distinguishable from the facts of the present case. In *ABB Automation, Inc. v. Honeywell Inc.*, No. C-2-01-325, 2002 WL 483523 (S.D. Ohio Mar. 20, 2002), and *Freed Designs, Inc. v. Sig Sauer, Inc.*, No. 2:14-cv-09068-ODW(AGRx), 2015 WL 12656279 (C.D. Cal. June 10, 2015), the first-filed case was dismissed for lack of standing. In *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F.Supp.2d 1289 (N.D. Cal. 2013), the first-filed case was voluntarily dismissed by the plaintiffs. And in *Executive Law Group, Inc. v. Executive Law Group PL*, No. SACV 13-01823 MMM (RNBx), 2014 WL 12577090 (C.D. Cal. Mar. 24, 2014), the first-filed case was dismissed for lack of personal jurisdiction. Under these circumstances, it makes sense that the first-to-file rule would not apply because there was no decision on the merits, and hence no efficiencies to be gained by consolidating the cases in one court. Here, by contrast, *Cook* was dismissed on the merits in a lengthy order. Furthermore, unlike in any of the cases cited by Plaintiffs, the plaintiffs in *Cook* have appealed the dismissal of their case. Thus, although the case is not currently active in the district court, it is

pending before the United States Court of Appeals for the Third Circuit.[2] Plaintiffs' suggestion that the first-to-file rule does not apply here because *Cook* was dismissed is, therefore, not persuasive. Rather, *Cook* remains pending, and it is the first-filed case.

**B.   Similarity of the Parties**

The second factor, similarity of the parties, "does not require exact identity of the parties." *Kohn Law Grp., Inc.*, 787 F.3d at 1240 (citations omitted). Rather, the first-to-file rule "requires only substantial similarity of parties." *Id.* (citations omitted).

There is no dispute this requirement is met here. Defendant in each case is the same, and although the named plaintiffs in each case are different, the classes they purport to represent are identical. Therefore, this requirement is met.

**C.   Similarity of the Issues**

Lastly, the third factor requires the Court to look to the similarity of the issues in the relevant actions. The first-to-file rule does not require identical issues or "exact parallelism," but requires substantial similarity of the issues. *See Kohn Law Grp., Inc.*, 787 F.3d at 1240; *see Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) ("exact parallelism does not exist, but it is not required. It is enough if the two proceedings are 'substantially similar.'"). In order to determine whether the actions involve substantially similar issues, courts "look at whether there is 'substantial overlap' between the two suits." *Kohn Law Grp., Inc.*, 787 F.3d at 1240.

Here, both cases involve proposed classes of nationwide and California consumers who purchased a membership in Defendant's Gold Card Program. That Program, and its terms, are at the core of each case. Furthermore, the claims in each case are identical.

Plaintiffs attempt to avoid that conclusion by arguing the breach of contract claim asserted here is different from that alleged in *Cook*. They argue the contract at issue

---

[2] The case also remains pending in the district court on any matters not appealed, *e.g.*, attorneys' fees, costs, *etc*. *See Taylor v. Messmer*, No. 09-cv-1116, 2011 U.S. Dist. LEXIS 106495, at *3 (W.D. Penn. Sept. 20, 2011) (stating once notice of appeal is filed, district court loses jurisdiction only over matters appealed).

in *Cook* is admittedly governed by an on-line agreement concerning the Gold Card Program and the Gold Card itself, whereas the contract at issue here is different. Plaintiffs claim the contract at issue here is not dependent on that evidence, but rather depends from representations made to Plaintiffs that they would be provided with a one-year membership in the Gold Card Program in exchange for a $15 fee. However, the allegations in the Amended Complaint reveal that Plaintiffs were, in fact, advised of the Program, (*see* Am. Compl. ¶¶ 18, 22), and that the Program is based on the Gold Cards. (*Id.* ¶¶ 37, 39.) Thus, despite Plaintiffs' artful pleading, the breach of contract claim alleged here is the same as the breach of contract claim alleged in *Cook*.

### III.
### CONCLUSION

Because all of the requirements are satisfied, the first-to-file rule applies to this case. Pursuant to the rule, the Court grants Defendant's motion to dismiss and dismisses this case without prejudice.[3]

**IT IS SO ORDERED**.

DATED: November 21, 2017

_____
HON. DANA M. SABRAW
United States District Judge

---

[3] In light of this conclusion, the Court declines to address Defendant's 12(b)(6) arguments.